# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PATRICIA TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:11-cv-00175 |
| SHRI GANESHA, a Tennessee General Partnership d/b/a COMFORT INN MUSIC CITY | ) ) ) ) ) |
| Defendant. | ) |

## INITIAL CASE MANAGEMENT ORDER

The parties, pursuant to this Court's order of February 28, 2011, submit their Proposed Initial Case Management order.

### I. JURISDICTION

Jurisdiction is conferred upon the Court by 28 U.S.C. §§ 1331, 1343 and 1367, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq, as amended.

### II. PLEADINGS

The defendant was served on April 12, 2011 with plaintiffs' first amended complaint. Defendant's Answer will be filed promptly.

### III. SUMMARY OF PLAINTIFFS' THEORY

Plaintiff was a manager of Defendant's hotel and had an exemplary work record. After nightly deposits went missing, Plaintiff was blamed for the disappearance of the money, although there was no evidence to suggest Plaintiff was in any way responsible. Defendant treated her in a discriminatory manner, treating her worse than similarly situated non-African-

American and male employees. This discriminatory treatment ultimately led to her termination, even though Plaintiff had maintained a consistent job performance throughout her career working for Defendant.

## IV. SUMMARY OF DEFENDANT'S THEORY

Defendant denies that it in any way violated Plaintiff's rights and denies the substance of Plaintiff's factual allegations. Defendant's defenses to the complaint include, but are not limited to, the following: the complaint does not state a claim upon which relief can be granted; Defendant's employment practices are job-related and consistent with business necessity; the employment actions taken by Defendant which are the focus of Plaintiff's Complaint were based on legitimate nondiscriminatory and nonretaliatory factors; any improper, illegal, or discriminatory acts by any employee of Defendant alleged by Plaintiff but denied by Defendant were outside the course and scope of the employment and were not ratified, confirmed, or approved by Defendant so such acts cannot be attributed to it; any improper, illegal, or discriminatory acts by any employee or agent of Defendant alleged by Plaintiff but denied by Defendant were independent, intervening and unforeseeable acts; Defendant implemented reasonable measures to prevent and correct discrimination, including discriminatory harassment, but Plaintiff unreasonably failed to promptly report the conduct about which Plaintiff now complains; Defendant has and had in place a strong, officially-promulgated and user-friendly policy against discrimination, including discriminatory harassment, to prevent and promptly correct any such behavior. Thus, to the extent Plaintiff is able to prove that she was subjected to discrimination, which Defendant denies, Defendant cannot be held vicariously liable because of its good-faith efforts to ensure compliance with the discrimination laws; to the extent that

Plaintiff has suffered any damages, any actions by Defendant were neither the actual or proximate cause of those claimed damages.

## V. ISSUES

A. Resolved:

1. Jurisdiction and venue for federal claims are not at issue in this case, but Defendant denies Plaintiff has met all jurisdictional prerequisites for all of her Title VII claims.

B. Unresolved:

1. Whether Plaintiff was subjected to a hostile work environment in contravention of her Title VII rights.

2. Whether Plaintiff was subjected to race discrimination in contravention of her Title VII rights.

3. Whether Plaintiff was subjected to gender discrimination in contravention of her Title VII rights.

4. Whether Defendant is liable to Plaintiff under any cause of action alleged in her complaint, and whether she suffered any damages.

## VI. DISCOVERY

A. Mandatory Initial Disclosures

The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before ~~May 30,~~ July 5, 2011.

B.  Discovery

The parties shall complete all written discovery and depose all fact witnesses on or before December 31, 2011. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

C.  Motions to Amend

The parties shall file all motions to amend on or before August 30, 2011.

D.  Dispositive Motions

The parties shall file all dispositive motions on or before March 15, 2012. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 25 pages., except with leave of the Court No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

E.  Disclosure of Expert Witnesses

The plaintiff shall identify and disclose all expert witnesses and expert reports on or before October 31, 2011.

The defendant shall identify and disclose all expert witnesses and reports on or before November 30, 2011.

F.  Depositions of Expert Witnesses

The parties shall depose all expert witnesses on or before December 31, 2011.

G.  Joint Mediation Report

A mediation is already set in this matter for June 27, 2011 by agreement of both parties. The parties shall file a joint mediation report following that mediation.

H.  Electronic Discovery

The parties will reach agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M.  Estimated Trial Time

The parties expect the trial to last approximately 3 days.

## IX.  TRIAL

This case shall be scheduled for jury trial to begin on _____.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge


APPROVED FOR ENTRY:

　/s/ Allen Woods_____
Allen Woods
Law Offices of Woods and Woods
PO Box 128498
Nashville, TN 37212
(615) 321-1426
*Attorney for Plaintiff*

　/s/ Robert Bowman_____
Robert Bowman
Kramer Rayson LLP
PO Box 629
Knoxville, TN 37901
(865) 342-0430

*Attorney for Defendant*

{FB013372 /}

*Attorney for Defendant*